Minute Order Form (06'97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4100 | **DATE** | 9/12/2002 |
| **CASE TITLE** | Wilson vs. American Arbitration Association | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** This Court has subject matter jurisdiction and therefore Plaintiff's motion (Doc 15-1) to remand to the Circuit Court of Cook County, Illinois is denied. Defendant is given to September 26, 2002 to file reply in support of its motion (Doc 9-1) to dismiss. Ruling on said motion to dismiss set for October 17, 2002 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re Arbitration of: ) | |
| ) | |
| BAKER & McKENZIE, ) | |
| ) | |
| vs. ) | Case No. 02 C 4100 |
| ) | |
| MICHAEL E. WILSON, ) | |
| ) | |
| Plaintiff. ) | |
| ) | |
| MICHAEL E. WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| AMERICAN ARBITRATION ASSOCIATION, a/k/a ) | |
| International Centre for Dispute Resolution, ) | |
| ) | |
| Defendant. ) | |

DOCKETED
SEP 1 3 2002

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on Plaintiff Michael E. Wilson's ("Wilson") motion to remand this proceeding to the Circuit Court of Cook County, Illinois. For the reasons set forth below we deny the motion.

### BACKGROUND

Wilson and Defendant Baker & McKenzie entered into arbitration concerning a partnership agreement before Defendant American Arbitration Association ("AAA"). Wilson alleges that he had

reason to believe that he could not get a fair and impartial hearing before the arbitrator and thus sought to have him removed. According to Wilson, the AAA did not follow their required procedures for reviewing a challenge to an arbitrator. This action was then filed by Wilson in the Circuit Court of Cook County, Illinois seeking interlocutory review of the arbitrator challenge. The case was removed to federal court and thereafter Baker & McKenzie was allowed to intervene as a defendant. AAA filed a motion to dismiss and we have granted a motion to stay further briefing and disposition of the motion to dismiss pending resolution of this motion to remand.

## LEGAL STANDARD

A defendant may remove to federal court a case filed in state court if there is federal subject matter jurisdiction. 28 U.S.C. § 1441(a). A federal court will have subject matter jurisdiction if there is "diversity of citizenship" under 28 U.S.C. § 1332(a) or if there is a "federal question", meaning that the action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. If at any time after removal to federal court and before final judgment it becomes apparent that the district court lacks subject matter jurisdiction, the district court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c); *Powell v. Zoning Bd. of Appeals*, 1994 WL 130766, *1 (N.D. Ill. 1994).

## DISCUSSION

Although Wilson argues that there is not complete diversity between Plaintiffs and Defendants under 28 U.S.C. § 1332(a), he has not provided the court with sufficient facts to make

that determination. Defendants have chosen not to address the diversity issue and have instead focused on the "federal question" subject matter jurisdictional prong.

I. International Convention and FAA

Title 9 of the United States Code, entitled "Arbitration", consists of three chapters: 1) General provisions, 2) Convention on the Recognition and Enforcement of Foreign Arbitral Awards, and 3) Inter-American Convention on International Commercial Arbitration. Defendants argue that the court has "federal question" jurisdiction under Chapter 2 which implements the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"), 330 U.N. Treaty Ser. 38. 3 U.S.T. 2517, T.I.A.S. No. 6997.

We note that the although Chapter 2 is part of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, some federal courts have used the term "Federal Arbitration Act" to encompass only Chapter 1 of Title 9. *See e.g. International Insurance Co. v. Caja Nacional De Ahorro Y Seguro*, 293 F.3d 392, 395-96 (7th Cir. 2002) (stating that although the FAA could not be a basis for subject matter jurisdiction, the Panama Convention codified at 9 U.S.C. § 301 *et seq.* which incorporated 9 U.S.C. § 203, provided a jurisdictional basis); *Daihatsu Motor Co., Ltd. v. Terrain Vehicles, Inc.*, 13 F.3d 196, 198 (7th Cir. 1993) (stating that the Convention was incorporated into "Chapter 2 of Title 9" and that "Chapter 1 is the Federal Arbitration Act," citing it as §§ 1-16 ); *Beiser v. Weyler, et. al*, 284 F.3d 665, 666 (5th Cir. 2002) (discussing Convention separately and delineating FAA as §§ 1-16); *But see Jain v. Mere*, 51 F.3d 686, 688-89 (7th Cir. 1995) (referring to Convention implementing legislation as "Chapter 2" of the FAA); *Republic of Nicaragua v. Standard Fruit Co. v. Standard Fruit Co.*, 937 F.2d 469, 478, n.13 (9th Cir. 1991) (Stating that Convention was enacted

as part of the FAA); *Abbott Laboratories v. Baxter International, Inc.*, 2002 WL 467147, *6 (N.D. Ill. 2002) (referring to Chapter 2 as part of FAA). For the purposes of this opinion, in accordance with the most recent Seventh Circuit case, "FAA" will be used to refer only to Chapter 1 of Title 9.

The FAA "does not provide an independent basis for federal question jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 25, n.32 (1983); *International Insurance Co.*, 293 F.3d at 395-96 (stating that although the FAA could not be a basis for subject matter jurisdiction, the Panama Convention codified at 9 U.S.C. § 301 *et seq.* which incorporated 9 U.S.C. § 205, provided a jurisdictional basis). However, the Convention implementing legislation in Chapter 2 of Title 9 does provide a basis for subject matter jurisdiction. 9 U.S.C. §§ 201-208. Section 203 provides:

> An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States (including the courts enumerated in section 460 of title 28) shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy.

Section 205 provides:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. . . .

Section 208 provides that the FAA will apply to arbitration agreements under the Convention to the extent that there is no conflict with the Convention.

II. Whether Arbitration Falls Under Convention

The main issue therefore becomes whether the arbitration agreement between Wilson and Baker & McKenzie falls under the Convention. An agreement falls under the Convention if the agreement arises out of a legal relationship, is commercial in nature, and is not entirely between U.S. citizens, except that an agreement between U.S. citizens will fall under the Convention if the agreement: 1) involves property located outside the U.S., 2) involves performance or enforcement outside the U.S., or 3) otherwise has some "reasonable relation with one or more foreign states." 9 U.S.C. § 202. This case involves the arbitration of a partnership agreement which is commercial in nature. *See e.g. Williams v. Katten, Muchin & Zavis*, 837 F. Supp. 1430, 1437-38 (N.D. Ill. 1993) (stating that the partnership agreement "necessarily involve[d] commerce" and therefore was commercial in nature under the FAA). Also, Wilson who is a party to the partnership agreement is a citizen of Great Britain. Thus, all the requirements of Section 202 are satisfied and the arbitration between Wilson and Baker & McKenzie falls under the Convention.

III. Whether FAA Can Be Applied to Pre-award Appeal

Wilson fails to address why the arbitration in this case does not fall under the Convention. His argument denying that the court has subject matter jurisdiction consists merely of a restatement of his arguments made in his answer to the motion to dismiss. However, as will be explained below, a motion to dismiss and a motion to remand are not synonymous, and the same arguments will not apply to both.

Wilson argues that the FAA cannot be applied in this case because there is no provision in the FAA that allows for a pre-award challenge to an arbitrator on the basis of his lacking impartiality.

*See e.g.* 9 U.S.C. § 10. In accordance with Section 208 of Chapter 2, the FAA will be applied to this dispute, and Wilson claims that there will be no provisions within the FAA that will be applicable to this case. We acknowledge that whether or not the FAA provides a remedy for a pre-award challenge to an arbitrator is a potential future issue in this case, but the question before us is limited to jurisdiction. Wilson brought this motion to remand under 28 U.S.C. § 1447(c), which directs this court to remand if it lacks subject matter jurisdiction which it does not.

IV. Whether Federal Court is the Proper Tribunal

Wilson also argues that the arbitration agreement does not fall under the Convention because the Illinois International Commercial Arbitration Act, 710 ILCS 30/1-5 through 99-99 ("IICAA"), and the partnership agreement between himself and Baker & McKenzie envision the Circuit Court of Cook County as being the proper tribunal. For those reasons he argues that the State court is the better choice and therefore this court should remand the case.

The IICAA specifically provides a procedure for challenging an arbitrator "if circumstances exist that give rise to justifiable doubts as to his or her impartiality or independence . . ." and if the challenge is unsuccessful there can be an interlocutory appeal to the "Illinois circuit court of the county in which the place of arbitration is located." 710 ILCS 30/1-30, 10-15, 10-20. Wilson argues that the IICAA should be applied in this case and that the IICAA would be rendered meaningless if this federal court were to decide the arbitrator challenge. Wilson also points out that the partnership agreement between Wilson and Baker & McKenzie provides that it is to be interpreted with reference to Illinois law.

- 6 -

Whether the FAA or the IICAA should apply in this case is a potential issue that might arise. Section 208 of the Convention implementing legislation states that the FAA is to be applied when not in conflict with the Convention. However, the issue of whether or not the FAA conflicts with the IICAA, or the issue of which of those statutes should be applied in this case is not the same issue as whether or not this court has subject matter jurisdiction. As stated above, Wilson brought this motion to remand under 28 U.S.C. § 1447(c) which does not direct this court to remand to state court if the state court would be a better choice or if state law might end up being applied in this case. Section 1447(c) directs this court to remand if it lacks subject matter jurisdiction which it does not.

## CONCLUSION

Based on the foregoing analysis, this court has subject matter jurisdiction and therefore Plaintiff's motion to remand to the Circuit Court of Cook County, Illinois is denied.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: **September 12, 2002**